JAMES B. MARTIN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Martin v. Commissioner
Docket No. 26625-90
United States Tax Court
T.C. Memo 1991-243; 1991 Tax Ct. Memo LEXIS 272; 61 T.C.M. (CCH) 2768; T.C.M. (RIA) 91243; June 3, 1991, Filed *272 An appropriate order of dismissal and decision will be entered. James McCann, for the respondent. DAWSON, Judge. GOLDBERG, Special Trial Judge. DAWSON
MEMORANDUM OPINION This case was assigned to Special Trial Judge Stanley J. Goldberg pursuant to section 7443A(b)(4) and Rules 180 and 181. [1] The Court agrees with and adopts the opinion of the Special Trial Judge which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE This case is before the Court on respondent's motion to dismiss for failure to state a claim upon which relief can be granted and for a penalty pursuant to section 6673. The motion was calendared for hearing in Chicago, Illinois, on February 25, 1991. When this case was called from the calendar, counsel for respondent appeared and was heard. Petitioner did not appear nor did anyone appear on his *273 behalf. In a notice of deficiency sent to petitioner on August 28, 1990, respondent determined the following deficiency in, and additions to, petitioner's Federal income tax for 1988: Additions to Tax, Sections
Deficiency
6651(a)
6653(a)(1)
6653(a)(2) [2]
6661(a)
$ 11,172
$ 485
$ 559
$ 485
On November 26, 1990, petitioner filed his petition with the Court seeking a redetermination of the deficiency and additions to tax. The only claims contained in the petition are (1) that the notice of deficiency was sent in direct *274 violation of the U. S. Constitution and the Internal Revenue Code, and (2) that there are no grounds for sending the notice of deficiency. Petitioner has previously brought two causes of action in this Court. The first was in the case captioned James B. Martin, Petitioner v. Commissioner of Internal Revenue, Respondent, at docket No. 29663-89. In that case petitioner sought a redetermination of deficiencies in Federal income tax and additions to tax as follows: Taxable
Additions to Tax, Sections
Year
Deficiency
6651(a)
6653(a)(1)
6653(a)(1)(B)
6653(a)(2)
1984
$ 8,163
$ 2,022
$ 408
*
1985
8,568
2,111
428
*
1986
9,707
2,358
$ 485
Taxable
Additions to Tax, Sections
Year
6653(a)(1)(B)
6654(a)
6661(a)
1984
$ 507
$ 2,022
1985
482
2,110
1986
*
453
2,358
His petition contained the same claims as the present one. Like this case, respondent filed a motion *275 to dismiss for failure to state a claim and for a penalty pursuant to section 6673. The motion was heard in Washington, D.C., and in our oral findings of fact and opinion rendered March 14, 1990, we categorized petitioner as making various "tax protester" arguments which have been rejected by this and other courts. We granted respondent's motion, and in our Order of Dismissal and Decision entered March 20, 1990, required petitioner to pay a penalty of $ 4,000 to the United States. The second was in the case captioned James B. Martin, Petitioner v. Commissioner, Internal Revenue, Respondent, at docket No. 5012-90. In that case petitioner sought a redetermination of the following deficiency in Federal income tax and additions to tax for the taxable year 1987: Additions to Tax, Sections
Deficiency
6651(a)
6653(a)(1)(A)
6653(a)(1)(B)
6661(a)
$ 9,950
$ 650
$ 498
*
$ 650
Again, his petition contained *276 the same claims he made in the petition filed at docket No. 29663-89, and in this case. Respondent again filed a motion to dismiss for failure to state a claim and for a penalty pursuant to section 6673. The motion was heard in Washington, D.C. and in our oral findings of fact and opinion rendered on June 20, 1990, we stated that petitioner asserted "tax protester arguments" and raised these and similar arguments in the earlier case at docket No. 29663-89 which we dismissed. We granted respondent's motion, and in our Order of Dismissal and Decision entered June 26, 1990, required a penalty in the amount of $ 4,000. Rule 34(b)(4) provides that a petition filed in this Court shall contain clear and concise assignments of each and every error which petitioner alleges to have been committed by respondent in the determination of the deficiency and additions to tax in dispute. Rule 34(b)(5) provides that the petition shall contain clear and concise lettered statements of the facts on which petitioner bases the assignments of error. No justiciable error has been alleged in the petition filed by petitioner. Again, and unwisely, petitioner raises broad attacks on the Federal income *277 tax. Rule 40 provides that a party may file a motion to dismiss for failure to state a claim upon which relief can be granted. Generally, we may dismiss a petition for failure to state a claim upon respondent's motion when it appears beyond doubt that petitioner can prove no set of facts in support of his claim which would entitle him to relief. ; . The determinations made by respondent in his notice of deficiency are presumed correct. ; Rule 142(a). In addition, any issue not raised in the pleadings is deemed conceded. ; ; Rule 34(b)(4). Because petitioner has not raised any justiciable facts or issues in his petition, we will grant respondent's motion to dismiss. See ; ; . *278 However, in our decision we will not sustain respondent's erroneous determination as to the addition to tax for 1988 purportedly under section 6653(a)(2) for 50 percent of the interest payable on the underpayment due to negligence. See footnote 2, supra. Finally, we turn to the portion of respondent's motion that moves for a penalty pursuant to section 6673(a)(1), which provides in pertinent part: (1) PROCEDURES INSTITUTED PRIMARILY FOR DELAY, ETC. -- Whenever it appears to the Tax Court that -- (A) proceedings before it have been instituted or maintained by the taxpayer primarily for delay (B) the taxpayer's position in such proceeding is frivolous or groundless, or * * * the Tax Court, in its decision may require the taxpayer to pay the United States a penalty not in excess of $ 25,000.
The record in this case establishes that petitioner instituted and maintained this proceeding primarily for delay. At the time he filed his petition in this case on November 26, 1990, he was well aware that his claims were discredited and totally rejected by this Court and other courts. The purpose of section 6673 "is to compel taxpayers to think and to conform their conduct *279 to settled principles before they * * * litigate. A petition to the Tax Court * * * is frivolous if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law." . Based upon established law, petitioner's position is both frivolous and groundless. Because we find that this proceeding has been instituted and maintained by petitioner primarily for delay and that his position is both frivolous and groundless, respondent's motion will be granted in this respect, and we require petitioner to pay to the United States a penalty of $ 7,500. Petitioner should now realize the futility of initiating senseless and meritless litigation in this Court. To reflect the foregoing, An appropriate order of dismissal and decision will be entered. Footnotes
1. All section references are to the Internal Revenue Code as amended and in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Respondent erroneously determined that petitioner is liable under section 6653(a)(2) for 50 percent of the interest due on the underpayment of tax attributable to negligence or intentional disregard of rules or regulations. Section 1015(b)(2)(A) of the Technical and Miscellaneous Revenue Act of 1988, Pub. L. 100-647, 102 Stat. 3342, 3569, applicable to returns the due date for which is after December 31, 1988, amended section 6653(a) and eliminated this addition to tax.↩
*. 50 percent of the interest due on the underpayment of tax attributable to negligence.↩
*. 50 percent of the interest due on the underpayment of tax attributable to negligence.↩